UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TAVARES HOTEL GROUP LLC
DBA COMFORT INN & SUITES,

    Plaintiff,

vs.                              Case No. __

OHIO SECURITY INSURANCE
COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant Ohio Security Insurance Company ("Ohio Security"), pursuant to 28 U.S.C. sections 1332 and 1441, removes an action from Lake County Circuit Court, where Plaintiff Tavares Hotel Group LLC d/b/a Comfort Inn & Suites ("Plaintiff") sued Ohio Security, and states:

## TIMELY NOTICE OF REMOVAL

1.    Plaintiff sued Ohio Security in state court for breach of contract arising from an alleged property loss.

2.    On January 7, 2026, the State of Florida Department of Financial Services served Ohio Security's designated agent with the Complaint.[1]

---

[1] ECF No. 1-1, Notice of Service of Process, Summons, and Complaint.

3. This Notice of Removal is filed timely within 30 days of Ohio Security's receipt through service of a copy of the initial pleading setting forth a claim for relief, pursuant to 28 U.S.C. section 1446(b).

## VENUE

4. Venue is proper in this Court because the state court action originated in Lake County, Florida.[2]

## JURISDICTION

5. This Court has jurisdiction. The state court action is a civil action that falls under this Court's original jurisdiction, pursuant to 28 U.S.C. section 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Ohio Security is entitled to remove this action, pursuant to 28 U.S.C. section 1441.

## COMPLETE DIVERSITY EXISTS

7. At the time of the lawsuit and the filing of this Notice of Removal, there was, and still is, complete diversity between Plaintiff (a citizen of Florida) and Ohio Security (not a citizen of Florida).

8. Ohio Security is not a citizen of Florida. Ohio Security is not incorporated under the laws of Florida and does not have its principal place of

---

[2] *See* Local Rules 1.04(a) and 1.06(a).

business in Florida. Ohio Security is a corporation organized under the laws of New Hampshire, and its principal place of business is in Boston, Massachusetts. Ohio Security is a citizen of New Hampshire and Massachusetts for purposes of determining diversity under 28 U.S.C. section 1332(c)(1).

9. Plaintiff is a citizen of Florida and Virginia. Plaintiff is a Florida Limited Liability Company organized under the laws of the State of Florida. Plaintiff's current principal place of business is in Tavares, Florida. Plaintiff's Limited Liability Company has four members: Shwetha Sherigar, Suma Sheregar, Kandlur Sherigar, and Raksha Kandlur. Shwetha Sherigar, Suma Sheregar, and Kandlur Sherigar are Florida citizens. Raksha Kandlur is a citizen of Virginia. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020 (11th Cir. 2004) (holding that a limited liability company is a citizen of any state of which a member of the company is a citizen). Plaintiff is a citizen of Florida and Virginia for purposes of diversity jurisdiction.[3]

## AMOUNT IN CONTROVERSY EXCEEDS $75,000

10. Ohio Security issued an insurance policy to Plaintiff.[4]

11. A windstorm deductible of $185,708.15 applies to Plaintiff's claim.

---

[3] ECF No. 1-2. Plaintiff's Annual Reports from 2024 and 2025 are official state documents from the Florida Department of State, Division of Corporations.
[4] ECF No. 1-3 (Policy).

12. Plaintiff claims $595,595.57 (replacement cost) and $556,096.20 (actual cash value).[5]

13. Plaintiff sent Ohio Security a sworn proof of loss for $373,371.72 (actual cash value).[6]

14. Ohio Security has not paid Plaintiff anything for the claim.

15. The amount in controversy between Plaintiff and Ohio Security exceeds the $75,000 amount in controversy requirement for diversity jurisdiction, exclusive of interest and costs.

16. The amount in controversy for Plaintiff's actual cash value claim is $370,388.05.[7]

## COMPLIANCE WITH 28 U.S.C. SECTION 1446

17. Ohio Security files copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. section 1446, and the Local Rules of this Court.[8]

---

[5] ECF No. 1-4. Restore Masters estimate dated April 2, 2025.
[6] ECF No. 1-5. Sworn proof of loss signed on May 1, 2025. Plaintiff claims the wrong deductible amount in line five of the proof of loss.
[7] This amount is calculated based on Plaintiff's actual cash value claim for $556,096.20 minus the Policy's windstorm deductible of $185,708.15. Plaintiff's representative (Kandlur Sherigar) testified at the Examination Under Oath that Plaintiff has not completed repairs or replacements to damaged property based on the Restore Masters estimate. ECF No. 1-6 at pg. 41 (EUO transcript). Plaintiff admits that it has not spent any money on repairs or replacements to damaged property in excess of the windstorm deductible. *Id.* at pg. 17. Thus, Plaintiff cannot recover replacement cost under the Policy.
[8] *See* Local Rule 1.06(b).

4

18. Pursuant to 28 U.S.C. section 1446(d), Ohio Security provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and the Clerk of the Lake County Circuit Court. Attached to this Notice is a copy of all process, pleadings, and orders served upon Ohio Security, as required by 28 U.S.C. section 1446(a).[9]

Defendant Ohio Security Insurance Company respectfully requests that this Court exercise jurisdiction over this matter.

BUTLER WEIHMULLER KATZ CRAIG LLP

s/ Paul Hudson Jones II
PAUL HUDSON JONES II
Florida Bar No.: 44290
hjones@butler.legal
SARAH MCDONALD
Florida Bar No.: 48422
smcdonald@butler.legal
Secondary: jmohammed@butler.legal
400 North Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Attorneys for Defendant Ohio Security
Insurance Company

---

[9] ECF No. 1-1.

## **CERTIFICATE OF SERVICE**

I certify that a copy has been served on:

    Kevin Weisser
    Weisser Elazar & Kantor, PLLC
    800 East Broward Boulevard, Suite 510
    Fort Lauderdale, FL 33301
    KW@WEKLaw.com
    JK@WEKLaw.com
    Service@WEKLaw.com
    Attorneys for Plaintiff

by CM/ECF on February 3, 2026.

                        s/ Paul Hudson Jones II
                        PAUL HUDSON JONES II